UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW DAMARR MORRIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                            /

File No. 1:09-CV-229

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Movant Andrew Damarr Morris's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1.) Movant has also filed a motion to appoint counsel. (Dkt. No. 3.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief based on any of the grounds raised in his motion.

### I.

On November 28, 2007, a superseding felony information was filed against Movant charging him with: (1) knowing and intentional possession with intent to distribute five or more grams of a mixture or substance containing a detectable amount of cocaine base in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) ("Count 1"); and (2) knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On December 3, 2007, Movant pleaded guilty to Counts 1 and 2 of the superseding information, pursuant to a written plea agreement in which he agreed to waive the right to challenge his sentence, either on appeal or by collateral attack. This Court, on March 21, 2008, sentenced Movant to ninety-six months of incarceration as to Count 1 and sixty months of incarceration as to Count 2, to be served consecutively. This Court also sentenced Movant to five years of supervised release. *United States v. Morris*, File No. 1:07-CR-193 (W.D. Mich. March 21, 2008). Movant did not appeal his conviction or sentence. Movant filed his § 2255 motion on March 16, 2009.

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.

2

1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id*.

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

**III.**

Movant seeks relief based on ineffective assistance of counsel, for which he has three distinct claims: (1) counsel failed to explain the true nature of Count 2 to Movant; (2) counsel failed to object to the government's violation of Movant's proffered privilege against self-incrimination; and (3) counsel failed to object to the "government non-written open plea

3

agreement, which was nevered reach [sic], which had no safeguard, protection, or benefit for the defendant." (Dkt. No. 1, Attach. to § 2255 Mot. 3.)

The Court must first address whether Movant's § 2255 motion is barred by his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel" because:

> [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Id.*

In his plea agreement, Movant agreed to waive the right to challenge his conviction or sentence on appeal or by collateral attack. The plea agreement states:

> The defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence that is at or below the maximum of the guideline range as determined by the Court. The defendant retains the right to appeal a sentence above the guideline range. This waiver is in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, § 2255.

4

(File No. 1:07-CR-193, Dkt. No. 24, Am. Plea Agmt. ¶ 9.) However, because all three of Movant's claims allege that his decision to enter into this plea agreement was the "product of ineffective assistance of counsel," his waiver of collateral attack is unenforceable. *Acosta*, 480 F.3d at 422.

Movant's first claim is that counsel failed to explain the true nature of Count 2 of the superseding information, and that this failure resulted in Movant being charged with and convicted of possessing a firearm in furtherance of drug trafficking, despite his innocence. To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Movant makes no attempt to argue that his counsel was objectively unreasonable and fails to explain what his counsel did or did not tell him that resulted in counsel's performance being deficient. (Dkt. No. 1, Attach. to § 2255 Mot. 2.) Unsupported, conclusory statements are "wholly insufficient to raise the issue of ineffective assistance of counsel." *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Hall*, 549 F.3d 1033, 1042 (6th Cir. 2008) (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2000)).

Even if Movant was able to establish that his counsel was objectively unreasonable, he is unable to show prejudice. While Movant is correct that the gun was wrapped in a

5

bandana in a brown bag and that the mere presence of a firearm by itself is not enough to violate § 924(c), he ignores the evidence that establishes his guilt. (Dkt. No. 1, Attach. to § 2255 Mot. 2.) The police found a loaded firearm in the apartment where Movant stored his drugs. (Presentence Report ¶¶ 22, 32.) Movant also admitted that he had placed the firearm there and that he purchased it for protection after his partner stole six pounds of marijuana for them to sell. (*Id.* ¶¶ 33-34.) This evidence is enough to convict Movant of possessing the firearm in furtherance of drug trafficking. *See United States v. Craft*, 150 F. App'x 413, 416 (6th Cir. 2005) (finding that a drug dealer's possession of a firearm for the purpose of protection is in furtherance of drug trafficking). No matter what counsel told Movant about the charge, the necessary elements to convict Movant still existed. Therefore, he was not prejudiced by counsel's alleged failure.

Movant's second claim is that counsel's failure to object to the government's violation of Movant's proffered privilege against self-incrimination resulted in the filing of the superseding information. Movant makes no attempt at explaining this ambiguous allegation, and thus it is deemed waived. *See Hall*, 549 F.3d at 1042. Moreover, the record does not support Movant's claim. If Movant is referring to the agreement concerning proffers in his plea agreement, he is correct that the government did agree not to use information provided by Movant in a proffer to enhance Movant's sentence. Paragraph 6(C) of the plea agreement states:

> The United States Attorney's Office also agrees that the information the defendant provides pursuant to proffer, and any information to be provided

> pursuant to the defendant's promise to cooperate as described in this agreement, will not be used by the government to enhance the Defendant's sentence pursuant to the Guidelines Section 1B1.8 and subject to the terms of the written proffer agreement entered into between the parties.

(File No. 1:07-CR-193, Dkt. No. 24, Am. Plea Agmt. ¶ 6(C).) However, the superseding information could not have violated this agreement because it was filed one day before Movant signed the plea agreement. (*Id.*, Dkt. No. 19, Superseding Felony Info.) If Movant is referring to an agreement prior to the plea agreement, there is no indication in the record that such a proffer agreement granting Movant a privilege against self-incrimination existed. Even if there was such an agreement, there is no indication that the government violated the agreement by filing the superseding information or that counsel failed to object. When there is no support for Movant's allegations in the record, and those allegations are "conclusions rather than statements of fact," an evidentiary hearing is not warranted. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1996)).

Movant's third claim is that counsel failed to object to the "government non-written open plea agreement, which was nevered reach [sic], which had no safeguard, protection, or benefit for the defendant." (Dkt. No. 1, Attach. to § 2255 Mot. 3.) Once again, Movant fails to make any attempt to explain this ambiguous allegation, and thus it is deemed waived. *See Hall*, 549 F.3d at 1042. Moreover, it seems that Movant is alleging that his counsel failed to object to an oral plea agreement offered by the government which had no benefit for Movant. However, Movant cannot show prejudice because, as he admits, this alleged agreement was never reached.

7

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied. Movant's motion to appoint counsel will also be denied as moot.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that a reasonable jurist would find the Court's assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: July 19, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE